**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CORA SMITH**                                                                              **PLAINTIFFS**

**VS.**                                                      **CIVIL ACTION NO. 4:17cv00136-DMB-JMV**

**FOOD GIANT SUPERMARKETS, INC.**
*doing business as Food Giant doing*
*business as Big Star*, **et al.**                                                              **DEFENDANTS**

## ORDER

Before the court is Plaintiff's Motion to Substitute Party [16]. The court has considered the motion and the applicable law and finds the motion is not well taken and should be denied for the reasons set forth below.

In support of her motion for substitution, Plaintiff avers that "[d]ue to health issues it is now necessary for her Power Attorney [sic] to proceed in this action on her behalf." Plaintiff further states that her "current health makes it difficult for her to speak, communicate with counsel, and actively participate in this litigation." Attached in support of the motion is a document entitled "General Durable Power of Attorney" which purports to appoint Prentiss Smith or Joyce Smith as "agent and attorney in fact" for Plaintiff and endue either of them with authority to act for Plaintiff despite any mental or physical incapacitation of Plaintiff. The said document appears to have been executed by Plaintiff on September 17, 2014.

Plaintiff brings the instant motion pursuant to FED.R.CIV.P. 25(b), seeking an order substituting Prentiss Smith in her stead as plaintiff in this action. Rule 25(b) provides in pertinent part that "[i]f a party becomes incompetent, the court *may*, on motion, permit the action to be continued by or against the party's representative." FED.R.CIV.P. 25(b) (emphasis added).

The rule further requires that service of the motion be made upon parties pursuant to Rule 5 and nonparties pursuant to Rule 4. *Id.*

Plaintiff has failed to present either medical proof or proof of a legal determination of incompetency. *See Pass v. Government Employees Ins. Co.*, No. 3:13-CV-00016-SA-SAA, 2014 WL 5511082, at *2 (N.D. Miss. Oct. 31, 2014) (denying motion for substitution of attorney-in-fact under a durable power of attorney after noting the absence of a legal declaration of incompetency and the court's discretion to deny the motion at a late stage in the litigation). *See also Smith v. Village Club, Inc.*, No. 8:15-cv-579-T-36AEP, 2015 WL 12835712, at *1 (M.D. Florida Nov. 12, 2015) (denying motion for substitution of attorney-in-fact under durable power of attorney where there was no medical or other evidence of disability or incompetence in the record). Furthermore, there is no indication the motion was properly served upon nonparties pursuant to the Rule 4 as required by Rule 25(b). *But see Waldman v. Pediatric Servs. of America, Inc.*, No. Civ. A. 97-7257, 1998 WL 770629, at *4 (E.D. Penn. Nov. 15, 1998) (finding substitution of attorneys-in-fact appropriate under Rule 17(c) which includes no requirement of Rule 4 service). Accordingly, the instant motion is denied without prejudice to Plaintiff's right to file a new motion that complies with the requirements of the *Federal Rules of Civil Procedure*.

SO ORDERED this 9th day of February, 2018

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE