## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

PRENTISS SMITH, as Conservator                                PLAINTIFF
for Cora Smith

V.                                       NO. 4:17-CV-136-DMB-JMV

FOOD GIANT SUPERMARKETS, INC.
d/b/a Food Giant d/b/a Big Star;
ARAMARK UNIFORM SERVICES, a
division of Aramark Uniform & Career
Apparel, LLC; and JOHN DOES 1–10                       DEFENDANTS

## ORDER

This personal injury action is before the Court on Aramark Uniform Services' motion to dismiss. Doc. #30.

### I
### Procedural History

On May 30, 2017, Cora Smith filed a complaint in the Circuit Court of Leflore County, Mississippi, against Food Giant Supermarkets, Inc; and "John Does 1-10." Doc. #2 at 1. The complaint alleged that Food Giant and the fictitious parties negligently caused Smith to slip and fall on a rug while shopping in a Food Giant-owned store on or about May 31, 2014. *Id.* at 2. After being served with a copy of the summons and complaint on September 18, 2017, Food Giant, asserting diversity jurisdiction, removed the state court action to this Court on September 27, 2017. Doc. #1 at 1.

On March 19, 2018, Cora,[1] filed a motion to amend her complaint to add a negligence claim against Aramark Uniform Services because "[a]fter the expiration of the amendment

---

[1] This case involves two persons with the last name Smith. To avoid confusion, the Court will refer to the Smiths by their first names.

deadline, the Plaintiff learned that [Aramark] was utilized by [Food Giant] to maintain the rug in question."[2] Doc. #23 at 1. United States Magistrate Judge Jane M. Virden granted the motion to amend on March 20, 2018, and Cora filed her amended complaint the same day. Doc. #24. Approximately a month later, on April 19, 2018, Prentiss Smith, the conservator for Cora, was substituted as the plaintiff in this action. Doc. #29.

On April 23, 2018, Aramark filed a Rule 12(b)(6) motion seeking dismissal of Cora's claims as untimely. Doc. #30. The motion is fully briefed. *See* Doc. #31; Doc. #39; Doc. #40; Doc. #41.

**II**
**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint need not contain detailed factual allegations; rather, it need only allege facts sufficient to state a claim for relief that is plausible on its face." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this standard, dismissal is inappropriate "even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id*. (internal quotation marks omitted).

**III**
**Discussion**

In diversity actions such as this, state law provides the applicable statute of limitations for state law claims. *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir.

---

[2] A near-identical, but incorrectly dated motion, was filed and granted earlier on March 19. Doc. #19. After the motion was granted, two amended complaints were filed. Doc. #21; Doc. #22. There is no dispute that the second motion to amend, was intended to supersede the earlier-granted motion.

2001).  Mississippi has a three-year statute of limitations for negligence claims.  *Peoples Bank of Biloxi v. McAdams*, 171 So.3d 505, 508 (Miss. 2015).  Under Mississippi law, "a cause of action accrues when it comes into existence as an enforceable claim …."  *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So.2d 812, 815 (Miss. 2006).  A tort claim is enforceable when a plaintiff has knowledge of the following elements:  "duty, breach of duty, causation between the breach of the duty and the injury, and actual damage."  *Id.*

There is no dispute that Cora's negligence claim against Aramark accrued on the date of her injury—May 31, 2014.  If the complaint is deemed filed on the date Cora filed her amended complaint, there is no dispute that the claim would be barred by the statute of limitations; however, if the amended complaint is deemed to relate back to the filing of the original state court complaint, there is no dispute that Cora's claim would be timely filed.

Under Federal Rule of Civil Procedure 15(c)(1)(A), "[a]n amendment to a pleading relates back to the date of the original pleading when … the law that provides the applicable statute of limitations allows relation back[.]"  In this regard, Mississippi Rule of Civil Procedure 15(c)(2) provides that "[a]n amendment pursuant to [Mississippi] Rule 9(h) … relates back to the date of the original pleading."  Rule 9(h), in turn, states that "[w]hen a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party."

Although the language of Rule 9(h) is broad, the Mississippi Supreme Court has observed that "the purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery."  *Veal v. J.P. Morgan Tr. Co., N.A.*, 955 So.2d 843, 846 (Miss. 2007) (emphasis

omitted).  Relatedly, the Mississippi Supreme Court has held that "[t]he relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party."  *Bedford Health Props., LLC v. Estate of Williams ex rel. Hawthorne*, 946 So.2d 335, 342 (Miss. 2006).  Consistent with this rule, the Mississippi Supreme Court has "acknowledged a reasonable diligence test when substituting unknown parties pursuant [to Rule] 9(h)."  *Id*. at 341–42.  Necessarily, the "reasonably diligent inquiry into the identity of the unknown defendant must be made within the limitation period in order for a substitution under Rule 9(h) to allow a claim to relate back to the date of the original pleading."  *Davenport v. Hertz Equip. Rental Corp.*, 187 So.3d 194, 200. (Miss. Ct. App. 2016) (alterations and internal quotation marks omitted).  The burden rests on the plaintiff to show reasonable diligence.  *Id*. at 202 ("In summary, we find that Davenport failed to prove that he lacked knowledge of Hertz's identity prior to the filing of his original complaint, but even if he did, he failed the reasonable-diligence requirement to ascertain Hertz's identity.").

Aramark argues that because the negligence claim against it accrued on May 30, 2014, and was filed on March 20, 2018, the claim is barred by Mississippi's three-year statute of limitations for negligence claims.  Doc. #31 at 2–5.  Prentiss responds that Cora was reasonably diligent in pursing her claim against Aramark, and that under Rules 9(h) and 15(c) of the Mississippi Rules of Civil Procedure, the amended complaint relates back to the May 30, 2017, original complaint. Doc. #40 at 2–6.  Aramark contends that the relation back doctrine is unavailable because Cora was not reasonably diligent and because Aramark's identity could have been (and was) ascertained through extra-judicial mechanisms.[3]

---

[3] Although not raised by Aramark, the original complaint, which seems to attribute no specific conduct to Aramark, likely falls short of the pleading standard of Mississippi Rule 9(h).  *See Veal v. J.P. Morgan Tr. Co., N.A.*, 955 So.2d 843, 846 (Miss. 2007) ("[W]here a plaintiff suspects that there might have been others involved in the [wrongful

"Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017). Because the successful affirmative defense must appear on the face of the complaint, "dismissal for failure to state a claim based on [a] statute of limitations defense should be granted only when 'the plaintiff's potential rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)). In this case, Cora's potential rejoinder to Aramark's statute of limitations defense—the relation back of the amended complaint—is not foreclosed by the face of the complaint because neither the source of the information nor the alleged lack of diligence by Cora are apparent from the face of the amended complaint. Accordingly, the motion to dismiss for failure to state a claim will be denied. *See Kealoha v. State of Hawaii Dep't of Pub. Safety*, No. 09-299, 2010 WL 2076097, at *6 (D. Haw. May 21, 2010) ("Plaintiff'[s] compliance with … requirements for identifying unknown defendants … is sufficient to show that the running of the statute of limitations is not apparent from the face of the Complaint.") (emphasis omitted).[4]

## IV
## Conclusion

For the reasons above, Aramark's motion to dismiss [30] is **DENIED**.

---

conduct] who might have been negligent, but is, at the time suit is filed, unaware of who they are or what negligent act they are alleged to have committed, the plaintiff may not include a fictitious party in the complaint.").

[4] *See also Estate of Gonzales ex rel. Gonzales v. Brown*, No. 12-CV-495, 2014 WL 4748604, at *8 (N.D. Okla. Sept. 23, 2014) (relation back inquiry "should be determined at the summary judgment stage, upon a relevant evidentiary record, rather than upon speculation"); *In re Greater Se. Cmty. Hosp. Corp.*, No. 02-2250, 2006 WL 2083500, at *3 (Bankr. D.D.C. June 26, 2006) ("[A] Rule 12(b)(6) dismissal would be inappropriate because the face of the amended complaint does not establish that no facts exist that would allow the amended complaint to relate back under Rule 15(c)(3).").

**SO ORDERED**, this 12th day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**